IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY SLY**                                                                                    **PLAINTIFF**

v.                                                          Civil No. 3:21-cv-00208-TSL-RHWR

**KILOLO KIJAKAZI,**[1]
*Acting Commissioner of Social*
*Security Administration*                                                                **DEFENDANT**

### REPORT AND RECOMMENDATIONS OF
### UNITED STATES MAGISTRATE JUDGE

BEFORE THE COURT is the [1] Complaint filed by Plaintiff Mary Sly seeking judicial review of the final decision of the Acting Commissioner of Social Security. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, has filed an [10] Answer. Plaintiff subsequently filed a [15] Memorandum in Support of her Complaint, and Defendant a [16] Response. Having considered the parties' submissions, the record in this case, and relevant legal authority, the undersigned United States Magistrate Judge recommends affirming the Acting Commissioner of Social Security's decision and dismissing this case with prejudice.

I.   BACKGROUND

Plaintiff Mary Sly ("Plaintiff" or "Sly") filed applications for Title II and Title XVI benefits on December 13, 2018. Admin. R. [11] at 15. Ms. Sly alleges that her disability began on November 26, 2018. *Id.* Defendant Kilolo Kijakazi, Acting

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is automatically substituted, in place of Andrew Saul, as Defendant in this action. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

1

Commissioner of Social Security ("Defendant" or "Commissioner"), denied Ms. Sly's application initially and upon reconsideration. *Id*. Ms. Sly requested a hearing before an Administrative Law Judge ("ALJ"), who held a hearing telephonically due to the ongoing COVID-19 pandemic, on August 12, 2020. *Id*. Plaintiff was represented by counsel at the hearing. *Id*.

The ALJ rendered an unfavorable decision on September 8, 2020, finding that Ms. Sly was not under a disability within the meaning of the Social Security Act from November 26, 2018, through the date of the decision. *Id*. at 22. The Appeals Council denied Ms. Sly's request for review, *id*. at 7, and she filed the instant petition for judicial review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A), and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3), *see* Compl [1].

## II. DISCUSSION

### A. Standard of Review

The Court's review of the Commissioner's denial of social security benefits is limited to an inquiry into "whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (quotation omitted). Evidence is substantial if "a reasonable mind would support the conclusion"; there "must be more than a scintilla, but it need not be a

preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (quotation omitted).

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). A district court may not reweigh the evidence, try the case de novo, or substitute its judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

A district court must, however, despite its limited role, "scrutinize the record in its entirety to determine the reasonableness of the decision ... and whether substantial evidence exists to support it." *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

**B.    Standard for Entitlement to Social Security Benefits**

A claimant must prove that he or she suffers from a disability in order to be qualified for benefits. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The Social Security Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months
> . . .

3

42 U.S.C. § 423(d)(1)(A); 42 U.S.C. §1382(a)(3)(A). The Commissioner typically employs a five-step sequential process to determine whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). This five-step analysis is as follows:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment enumerated in the listing of impairments in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the [Commissioner] to establish that the claimant can perform relevant work. If the [Commissioner] meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

20 C.F.R. § 416.920(a)(4)(i)-(v)*; see Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); *see also Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). A claimant bears the burden of proof with respect to the first four steps of the inquiry; the burden shifts to the Commissioner at step five. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

C.  **The Administrative Law Judge's Decision**

The ALJ found at the first step that Ms. Sly had not engaged in substantial gainful activity after the alleged onset date of November 26, 2018, and at the second step that Ms. Sly had the severe impairment of status post mastectomy due to breast cancer and obesity. Admin. R. [11] at 17. The ALJ held that "[t]he above medically

4

determinable impairments significantly limit the ability to perform basic work activities as required by Social Security Ruling 85-28." *Id.* at 18.

At the third step, the ALJ determined that Ms. Sly did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ also determined that Ms. Sly did not satisfy any paragraph under Listing 13.10 covering breast cancer. *Id.* Next, the ALJ determined that Mr. Sly had the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." *Id.*

At the fourth step, the ALJ concluded that Ms. Sly was unable to perform any past relevant work. *Id.* at 21. At the fifth step, the ALJ determined that based on Ms. Sly's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform. *Id.* Accordingly, the ALJ determined that Ms. Sly was not disabled within the meaning of the Social Security Act. *Id.* at 22. Plaintiff appealed that decision to this Court. Compl. [1].

### III. ANALYSIS

Ms. Sly raises one issue on appeal: whether the ALJ erred in failing to consider the effects that medical treatment and the absences associated with that medical treatment would have upon her ability to perform other relevant work. Pl.'s Mem. [15] at 1. Specifically, Ms. Sly argues that the ALJ failed to account for the effect the absences generated by her cancer treatments had on her ability to perform other work in the national economy. *Id.* at 4-5. Upon review, the Court finds that the ALJ did not

5

err by excluding absenteeism related limitations from her step five determination that Ms. Sly could perform other relevant work and that substantial evidence supports the ALJ's decision to exclude such limitations.

The United States Court of Appeals for the Fifth Circuit has held that, "if an individual's medical treatment significantly interrupts the ability to perform a normal, eight-hour work day, then the ALJ must determine whether the effect of treatment precludes the claimant from engaging in gainful activity." *Newton*, 209 F.3d at 459. S*ee Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). In *Newton*, the Fifth Circuit spoke of medical treatment in the present tense, indicating that the treatment required to be considered was that which was current or ongoing.

The ALJ's RFC analysis makes evident that Ms. Sly did not have any current or ongoing treatment which significantly interrupted her ability to perform other relevant work. As the ALJ noted, Ms. Sly's chemotherapy and radiation treatments were completed by March 2020. *See* Admin. R. [11] at 19; *see also* Attach. [12] at 437. At her follow-up visits, Ms. Sly presented with no ongoing issues. *Id*. During her administrative hearing testimony, Ms. Sly mentioned that an additional follow-up procedure would be necessary, but she did not assert, or suggest, that the frequent doctors' visits that had accompanied her original treatments remained ongoing or necessary. *Id*. at 34-45. Additionally, Ms. Sly's medical records establish that following her April 2020 follow-up, her next appointment was not set to occur for another three months. *See* Attach. [12] at 442. Because Ms. Sly's chemotherapy and radiation had been completed and no evidence was presented to suggest that frequent

6

doctor's visits or treatment remained ongoing, the ALJ was not required to determine whether the effect of her treatment precluded her from being able to perform other relevant work.[2] Accordingly, substantial evidence supports the ALJ's decision to exclude absenteeism related limitations from her step five determination.

Moreover, as the Commissioner correctly points out, Ms. Sly's argument that her attendance at over seventy-five doctors' visits between the alleged onset date and the date of the ALJ hearing, "is in and of itself disabling," Pl.'s Mem. [15] at 4, represents an improper formulation of the disability standard. A person is disabled when they are afflicted with limitations that prevent them from any substantial gainful activity, not when time constraints from impairments might foreclose a traditional employment schedule. *Ostreich v. Comm'n of Soc. Sec.*, Civ. No. 4:16-cv-152, 2016 WL 11259034, at *4 (N.D. Tx. Dec. 19, 2016) (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Ms. Sly cites no case law or statutory authority to support this assertion and her argument is analogous to the argument rejected by the *Ostreisch* court. In that case, the plaintiff argued, as Ms. Sly does in this case, that "the ALJ failed to account for time she would spend in procedures and appointments and its effect on her employability." *Id.* (internal quotation marks omitted). Consistent with that court's determination, this Court likewise rejects Ms. Sly's argument.

Ms. Sly also suggests that the ALJ erred by failing to discuss the "relevant portion" of the vocational expert's ("VE") testimony. Pl.'s Mem. [15] at 5. First, this

---

[2] For those same reasons, the ALJ had no reason to include any absenteeism related limitations into Ms. Sly's RFC. *See Alam v. Saul*, Civ. No. H-19-2840, 2020 WL 5232900, at *15 (S.D. Tx. Sept. 2, 2020) (citing *Muse*, 925 F.2d at 790) (holding that an ALJ is not required to incorporation limitations not supported by the record into claimant's RFC).

7

suggestion is misleading. The "relevant portion" Ms. Sly refers to is the hypothetical question posed by her own attorney to the VE. Ms. Sly's attorney asked the VE the following:

> Mr. Everett, assume an individual of the same age, education and work history of Ms. Sly. Assume this individual due to cancer and cancer treatment would be required to miss 81 days of work or at least half a day of work for treatment for her cancer over a course of 20 months on average of at least four visits per months. Now, some of these absences maybe two times a month, one time a month, four times a month or five times a month. It wouldn't be four every month. It would just average four per month. Could such an individual perform any past relevant work or other jobs in the national economy.

*See* Admin. R. [11] at 45; *see also* Pl.'s Mem. [15] at 5. However, for the reasons discussed above, limitations related to Ms. Sly's absenteeism were not supported by the record and substantial evidence supports the ALJ's decision to exclude them. As with RFC determinations, the ALJ is not required to incorporate limitations into the hypothetical questions posed to the VE that are not supported by the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (providing that an ALJ is not required to incorporate limitations not supported by the record into the hypothetical questions posed to the VE). Therefore, Ms. Sly's suggestion that the ALJ failed to discuss the "relevant portion" of the VE's testimony is without merit and substantial evidence supports the ALJ's decision.

## IV. RECOMMENDATION

Based on the above analysis, the undersigned United States Magistrate Judge recommends affirming the Acting Commissioner of Social Security's decision and dismissing this case with prejudice.

## V. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 24th day of May 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE